# CHAPTER 13 NARRATIVE STATEMENT OF PLAN

IN RE:  ELTON B.  AND MANDY MCGARITY             CASE NO.:5:14-bk-11570
        DEBTORS                                           CHAPTER 13

**I.   PAYMENT TO THE TRUSTEE:**

THE DEBTORS PROPOSE TO PAY $2,150.00 PER MONTH TO THE TRUSTEE, AS FOLLOWS:

(X)  Debtors to make payments directly to the Trustee with certified funds.
( )  Debtors to make payment to the Trustee by Automatic Draft.
( )  Debtors to make payments to the Trustee by wage withdrawal:

    Direct Pay

THE FIRST PAYMENT WILL BE MADE TO THE TRUSTEE WITHIN THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THE PETITION.

**II.   PLAN LENGTH:**

The debtors propose to pay all disposable income into the plan for the benefit of unsecured creditors for no less than the applicable commitment period (unless unsecured creditors are being paid 100%.)  The plan length shall not exceed 60 months.

THE DEBTORS' PLAN LENGTH IS  60 MONTHS.

**III.    ADMINISTRATIVE COSTS:**

A. Trustee's Fees and Expenses
B. Attorney Fee to be paid through the Plan:   $3,500
   (Additional attorney fees must be approved by separate application.)
C. Attorney Fee paid by Debtors prior to filing:  0
D. Attorney Fee will be paid $1,500.00 prior to disbursement to secured, priority, or unsecured claims.  Remainder of approved fee will be paid at the rate of 25% of the total disbursement each month until paid in full.

**IV.   CHILD SUPPORT:**

A. (X)  The Debtors have no child support obligations.
B. ( )  The Debtor is required to pay child support to the following DSO recipient:
    Name: _____
    Address: _____
    Phone number: _____

      Creditor to whom DSO payments are made:
      Name: _____
      Address: _____
      Phone number: _____

1. ( ) The regular monthly support payment shall be paid directly by the Debtor.
2. ( ) The regular monthly support payment of $_____ shall be paid through the plan.
3. ( ) Back child support payments are included in the Debtor's regular monthly support payment.
4. ( ) The total back child support is $_____ and shall be paid through the plan at a pro-rata monthly amount.

## V.   LONG-TERM DEBTS:

The following debts will extend beyond the length of the plan. During the plan, the Trustee is to pay the regular, continuing monthly contract payment. If the claim is already in default, the Trustee will pay an additional sum each month until the default has been cured, in accordance with 11 U.S.C. §1322(b)(5). Upon completion of the plan, the Debtors will resume payments on such claims pursuant to the terms of the original agreement. Confirmation of this Plan imposes a duty on the Mortgage Entity to:

A. Deem any Pre-petition arrearage as contractually current so that no Post-Petition delinquency status is declared due to Pre-Petition events that are addressed in the plan;
B. Apply Trustee payments on Pre-Petition arrearages only to such arrearages;
C. Apply mortgage payments made during the Plan (whether by the Debtor or by the Trustee) to the month in which they were made (or designated to be made) under or during the Plan;
D. Include in Pre-Petition arrearages only those sums included in the "allowed" Proof of Claim.

**By listing the mortgage servicer as the entity to whom the payment is to be made, the Debtor(s) waive no rights to contest any claim filed on their mortgage loan for lack of documentation providing appropriate information as to who the current owner of the mortgage note is, or for lack of documentation showing the servicer's right to collect on behalf of the current owner or holder or the note. By listing an amount owed as a pre-petition arrearage, the debtor(s) waive no rights to contest any amounts claimed for attorney fees and costs, foreclosure fees, late fees, inspection fees, broker price opinion fees, corporate advances, escrow advances, or any other fees and costs assessed against the loan that the Debtor's believe to be unreasonable, unwarranted, or not allowed under the terms of the mortgage or note.**

|     | Creditor | Regular Payment | Arrearage | Monthly Amount to Cure Arrearage |
|-----|----------|-----------------|-----------|----------------------------------|
| 1.) | Carrington Mortgage | $771.24 | $8,500.00 | $145.00 |

### VI. SECURED DEBTS WHICH WILL NOT EXTEND BEYOND THE LENGTH OF THE PLAN:

Secured creditors, who will retain their liens and be paid the value of their collateral or the amount of their debt, **whichever is less,** shall be paid as follows:

|     | Creditor | Debt | Value | Int. Rate | Monthly Payments | Adequate Protection Mthly Pmt. | Adequate Protection Int** |
|-----|----------|------|-------|-----------|------------------|-------------------------------|---------------------------|
| 1.) | AR. Dept. of Finance and Admin. | $3739.57 | $136,620.43 | 10.% | $80.00 | | |
| 2.) | Ally Financial | $4,000.00 | $8,950.00 | 6% | $80.00 | $40.00 | 6% |
| 3.) | Green Tree | $16,125.41 | $15,050.00 | 5% | $290.00 | $162.00 | |
| 4.) | People | $16,000.00 | $16,981.44 | 5% | $385.00 | $160.00 | 5% |

** If this space is left blank, no interest is to be paid. Interest shall only be paid if the creditor is over-secured and will be paid at the contract rate of interest.

**Any amount claimed by the creditor that exceeds the value of the collateral will be Treated as a NON-PRIORITY UNSECURED CLAIM.**

### VII. PMSI SECURED CLAIMS TO WHICH §506 VALUATION IS NOT APPLICABLE (910-CLAIMS):

|     | Creditor | Debt | Value | Interest Rate | Monthly Payment | Adequate Protection Mthly Pmt.* |
|-----|----------|------|-------|---------------|-----------------|----------------------------------|
| 1.) | | | | | | |
| 2.) | | | | | | |

| | | |
|---|---|---|
| 3.) | | |

## X. PROPERTY TO BE SURRENDERED:

The following are creditors to whom the Debtors surrender the property securing the claim in accordance with 11 U.S.C. 1325 (a)(5)(C). **No further payments are to be made to the creditor on the secured claim; however, the creditor may file a claim for the efficiency and it will be treated as a non-priority unsecured creditor.**

| | **Creditor** | **Description of Property** |
|---|---|---|
| 1.) | | |
| 2.) | | |

## XI. PRIORITY DEBTS:

Priority debts shall be paid in full in accordance with 11 U.S.C. 1322 (a) (2)**, unless otherwise indicated in this plan.**

## XII. UNSECURED DEBTS:

**CLAIMS SHALL BE PAID 100% UNLESS A DIFFERENT TREATMENT IN INDICATED BELOW:**

A. (X)   Unsecured creditors shall be paid a definite percentage of their claims as filed and allowed by the court. That percentage is 100 %.

B. ( )   Unsecured creditors shall receive $_____ to be disbursed in accordance     with §1322 and §1325.

C. ( )   Unsecured creditors shall receive a pro-rata dividend from funds remaining after payment of administrative, long term secured/unsecured, secured, priority, child support and special non-priority unsecured claims and the debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors.
Debtors have _____ in non-exempt, unsecured assets, and debtors will pay to the unsecured creditors AT LEAST the dollar value of $_____ the non-exempt assets less 10% for trustee to satisfy the best interest of creditor test. The total amount to be paid to the unsecured creditors shall be apportioned among the allowed unsecured claims on a pro-rata basis.

**XIII. SPECIAL NONPRIORITY UNSECURED DEBTS:**

The following consumer debts shall be paid prior to other unsecured debts. The reason for this special treatment is stated below. Claims shall be paid in full (100%) unless a different treatment is indicated.

|   | **Creditor** | **Debt** | **Interest Rate** | **Monthly Payment** | **Reason** |
|---|---|---|---|---|---|
| **1.)** | | | | | |
| **2.)** | | | | | |
| **3.)** | | | | | |

*If space is left blank, no interest is to be paid.

**XIV. DEBTS WHICH ARE NOT TO BE PAID BY THE TRUSTEE:**

The only debts which may be paid directly are:
1. The home mortgage; if current;
2. Lease payment; if current;
3. Child support payment per court order;
4. Debts which are actually being paid by someone other than the debtors from property that is not property of the estate.

|   | **Creditor** | **Description of Property/Nature of Obligation** |
|---|---|---|
| **1.)** | McGarity Transportation | 2008 Volvo Diesel Truck – Lease to Own – paid by business |
| **2.)** | | |

**XV. EXECUTORY CONTRACTS:**

The debtors (x) assume or ( ) reject the following executory contract or unexpired lease. **If rejected, no further payments are to be made to the creditor on the contract or lease; however, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.**

| **Creditor Contract** | **Description of Property** |
|---|---|
| | |

| 1.) | McGarity Transportation | 2008 Volvo Diesel Truck |
|---|---|---|
| 2.) | | |

## XVI. SALE OF ASSETS:

The debtors propose to sell the described real or personal property, after court approval and notice to creditors and the trustee, and will commit the proceeds as follows:

## XVII. OTHER PROVISIONS:

Other provisions of the plan which are not inconsistent with Title 11 of the U.S.C., pursuant to 11 U.S.C. 1322(b)(10), are as follows:

The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

**In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.**

In order to assist the debtor in performance of the plan, the Trustee may from time to time grant refunds to the debtor as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the debtor.

**Attorneys for Debtors**

/s/Diana H. Turner